**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

AARON MOORE

Petitioner, : Case No. 3:25-cv-384

- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:

Respondent.

# DECISION AND ORDER

This is a habeas corpus case brought *pro se* by Petitioner Aaron Moore under 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Common Pleas Court on a charge of failure to comply with the order of a police officer (Petition, ECF No. 3, PageID 27). The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 33).

Petitioner has filed a Motion to Supplement the Appellate Record with "Due Process Materials" (ECF No. 20). Magistrate Judge Karen Litkovitz, to whom this case was previously referred, read the instant Motion as a motion to expand the record and directed Respondent to reply to it (Order, ECF No. 28) and Respondent has done so (ECF No. 29). Under S. D. Ohio Civ. R. 7.2, Petitioner had an opportunity to file a reply in support of his Motion, but has not done so.

Moore was convicted on one count of failure to obey the order or signal of a police officer

and he appealed to the Ohio Court of Appeals for the Second District. That court affirmed the conviction. *State v. Moore*, 2024-Ohio-6050 (Ohio App. 2nd Dist. Dec. 27, 2024). The Ohio Supreme Court declined further appellate review. *State v. Moore*, 178 Ohio St.3d 1456 (2025).

Although Judge Litkovitz reads the instant motion as one to expand the record, the undersigned reads it as one for discovery. From the Motion it does not appear that Petitioner possesses the evidence he wants the Court to add to the record, but rather that he wants the Court to order Respondent to produce it. He writes "It is not difficult to surmise that the evidence is useful and is being suppressed in bad faith." (Motion, ECF No. 20, PageID 95).

Some of the evidence adverted to in the Motion clearly exists and was indeed reviewed by the Second District on appeal. For example, Judge Huffman's opinion refers to video and audio recorded by devices in Officer Fisher's police cruiser. *State v. Moore, supra,* at ¶ 8. At ¶ 13 she notes that video from a police "paddy wagon" was played for the jury. While that video is part of the record on which the appellate court relied, habeas corpus courts are not required to review trial court exhibits and reinterpret them.

Other items sought to be added to the record may or may not exist. Petitioner asserts that an Ohio State Highway Patrol Use of Force report will show that a Highway Patrol Officer fired two shots at his car, but he gives no indication how he knows this. The Second District found no evidence of bullet holes in his car. *State v. Moore, supra,* at ¶¶ 21-22.

Moore claims in his Motion that he has attempted to obtain the evidence which says is being suppressed, but he offers no evidence of those attempts.

As Respondent points out, this habeas court is limited to considering the evidence before the Second District. *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

**Conclusion**

Whether considered as a motion for discovery or as a motion to expand the record, Petitioner's Motion is without merit and is hereby denied.

September 29, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge