**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

AARON MOORE,

Petitioner, : Case No. 3:25-cv-384

- vs - District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Aaron Moore under 28 U.S.C. § 2254 to obtain relief from his conviction in the Clark County Common Pleas Court on a charge of failure to comply with the order of a police officer (Petition, ECF No. 3, PageID 27). The case is ripe for decision on the Petition (ECF No. 3), the State Court Record (ECF No. 23), the Return of Writ (ECF No. 24), and the Petitioner's Reply (ECF No. 32).

**Litigation History**

On February 14, 2022, the Clark County Grand Jury indicted Moore on charges of harassment with a bodily substance in violation of Ohio Revised Code § 2921.38(B) and failing to comply with an order or signal of a police officer violation of Ohio Revised Code § 2921.331(B)

(Indictment, State Court Record, ECF No. 23, Ex. 1). The first count was dismissed before trial, but a jury convicted Moore of the failure to obey charge and the trial court sentenced him to thirty-six months imprisonment consecutive to a sentence he was already serving out of Cuyahoga County (Sentencing Entry, State Court Record, ECF No. 23, Ex. 7). Moore appealed to the Ohio Second District Court of Appeals which affirmed his conviction. *State v. Moore*, 2024-Ohio-6050 (Ohio App. 2nd Dist. Dec. 27, 2024). The Ohio Supreme Court declined further appellate review. *State v. Moore*, 178 Ohio St.3d 1456 (2025).

On July 24, 2025, Moore filed a Delayed Application to Re-open Appeal (State Court Record, ECF No. 23, Ex. 16) which the Second District declined to consider. *Id.* at Ex. 17. Moore did not appeal to the Ohio Supreme Court.

On September 17, 2025, Moore filed his Petition in Habeas Corpus in this Court, pleading the following grounds for relief:

> **Ground One:** The petitioner's conviction violates due process because it is against the manifest weight of the evidence.
>
> **Supporting Facts:** This is a unique case regarding a citizen fearing that the police were trying to kill him after receiving information from a neutral source that reinforced this belief. The record reveals this was true and an affirmative defense was established. The defendant's wife received emails or was aware from some source that officer Bowers was going to kill Moore. That resulted in a frame of mind that resulted in Moore fearing for his life. This was the reason Moore fled from police. Moore provided sufficient evidence and testimony affirming Ohio's self defense law and duress.
>
> **Ground Two:** Petitioner's Sixth and Fourteenth Amendments to the const. was violated due to Ineffective Assistance of Counsel.
>
> **Supporting Facts:** Petitioners counsel failed to present readily obtainable evidence to corroborate [sic] Petitioner's defense;

> counsel failed to obtain jury instructions for the defense and did not preserve them for appellate review; counsel's performance was deficient in that it prejudiced petitioner's case, because counsel failed to present any evidence or testimony relating to the text messages concerning Brianna Moore which was the foundation for affirmative defense. Also, counsel failed to garner testimony corroberating [sic] petitioner's testimony and failed to obtain jury instruction for Petitioner's affirmative defense to preserve for the record.
>
> **Ground Three:** 1. Ineffective Assistance of Counsel; 2. Tethered to malicious prosecution; and 3. Judicial malpractice due to Mental Health.
>
> **Supporting Facts:** Petitioner submit Due Process claims. He submit ineffective assistance of counsel in conjunction with prosecutor maliciously prosecuting him and the judge's malpractice. Trial counsel, prosecutor, and Judge ignored the mental instability of the petitioner. See attached # page 9 and 10 establishing supporting facts.
>
> **Ground Four:** The petitioner's was denied the sauce for goose, sauce for gander law under Due Process, because witness statement validate prosecution, it could equally exculp [sic] prosecution.
>
> **Supporting Facts:** It is the position of the petitioner that in all valid transcripts and as to the actions of the state in pronouncing the onset of charges including but not limited to failing to stop for the signal of a police officer, that the situation at hand only happened due to the belief of the petitioner that the Springfield Police were going to kill or cause eminent [sic] danger to defendant, Aaron Moore. That belief came from defendants wife alerting defendant to the statement from a Springfield Police Officer whom she had developed a relationship with. This is a fact to which the records and transcripts give valituson [sic] and credit to such facts. If the statements from the wife to Springfield Police were given so much belief and obviously credited as fact because the Springfield Police approached defendant with guns pulled and yelling verbiage, that at any moment, with any move, death was eminent [sic] due to the statement by wife, Brianna Moore, to police that defendant was in possession of a weapon and going to hurt her. If the police believe the alleged.

Petition, ECF No. 3, PageID 31-39.

## Analysis

**Ground One: Conviction is Against the Manifest Weight of the Evidence**

In his First Ground for Relief, Petitioner asserts his conviction is against the manifest weight of the evidence. In his Reply, Petitioner concedes that this claim is not cognizable in habeas corpus (ECF No. 32, PageID 671). Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Petitioner is correct that a manifest weight claim does not state a claim or under the United States Constitution. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986). Ground One should therefore be dismissed.

**Ground Two: See below**

**Ground Three: 1. Ineffective Assistance of Counsel; 2. Tethered to malicious prosecution; and 3. Judicial malpractice due to Mental Health.**

As to Ground Three, Petitioner concedes "By operation of law, the contents of the claim in the Petitioner's Ground Three was not timely presented before the highest court in the state; thereby, petitioner's Ground Three do not satisfy the exhaustion requirements." (Reply, ECF No. 32, PageID 671). A habeas petitioner is required to fairly present each of his or her claims to a full round of state court consideration before bringing them to habeas corpus. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-7(1999). Because Petitioner concedes he did not do this and he no longer has an available means of presenting this claim to the Ohio courts, Ground Three should be dismissed as procedurally defaulted.

**Ground Four: The Petitioner's was denied the sauce for goose, sauce for gander law under Due Process, because witness statement validate prosecution, it could equally exculp [sic] prosecution**.

In his Fourth Ground for Relief, Petitioner claims he was denied due process when he did not receive the benefits of the "sauce for the goose, sauce for the gander" law. Petitioner's complaint is that the jury was told it was not improper for the police to believe his wife's statement that Moore was armed but it was sufficient to establish his defense that he believed the police were going to kill him. However there is no law, either by common law or common sense, that a jury must credit one statement from a third-party but not another. That is the jury's prerogative.

In any event, Petitioner makes the same concession about Ground Four as he does about Ground Three (ECF No. 31, PageID 672). On that basis Ground Four should also be dismissed as procedurally defaulted.

**Ground Two: Ineffective Assistance Of Trial Counsel**

In his Second Ground for Relief, Moore asserts his trial counsel provided ineffective assistance when he (1) failed to present readily available evidence, (2) failed to offer and preserve for appeal appropriate jury instructions, (3) failed to present appropriate text messages from Brianna Moore, Moore's spouse (or ex-spouse), and (4) failed to present testimony corroborating Petitioner's testimony.

In support of this claim, Moore accurately describes a hearing on October 13, 2023, when Moore was asking to replace his trial attorney, Seth Schertzinger, an Assistant Clark County Public Defender. The only specific complaints Moore made against Schertzinger were that he had given Moore only one page of the State's discovery and had attempted to persuade Moore to accept the offered plea bargain. Judge Rastatter assured Moore that Schertzinger was a good attorney who had Moore's best interest at heart and that there was a month before trial during which the rest of the State's discovery package could be shared (Transcript, ECF No. 23-2).

Moore raised ineffective assistance of trial counsel as an assignment of error on direct appeal and the Second District decided it as follows:

> {¶ 43} Moore asserts that defense counsel was ineffective because he failed to present any evidence to corroborate Moore's testimony, failed to request a jury instruction for Moore's affirmative defenses, and failed to "preserve the record for the same."
>
> {¶ 44} Although set forth in response to Moore's first assignment of error, the following arguments by the State are best addressed as part of our analysis of Moore's second assignment of error. The State argues that Moore asks this court to recognize plain error, because he did not request any jury instructions on affirmative defenses at trial or object to their omission. The State further argues that self-

defense is not applicable to a situation in which law enforcement officers are acting within their duties and not using excessive force, and there "was no reasonable belief that the officers were there to cause [Moore] physical harm, as he claimed."

{¶ 45} The State contends that the "justification defense that fits more squarely within these facts is the theory of necessity or duress," but the evidence did not support those instructions because a reasonable person could not have concluded that Moore was acting under duress or out of necessity. The State asserts that plain error is not demonstrated.

{¶ 46} To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): Moore must show that counsel's performance was deficient and that he was prejudiced by the deficient performance. *Id.* at paragraph two of the syllabus. "In reviewing a claim of ineffective assistance of counsel, '[t]rial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance.' " *State v. Coben*, 2002-Ohio-914, *2 (2d Dist.), citing *State v. Cook*, 65 Ohio St.3d 516, 524 (1992), citing *Strickland* at 687-89. "In addition, the error must be so egregious that counsel 'was not functioning as the "counsel" that the Sixth Amendment guarantees.' " *Id.*, citing *Cook*.

{¶ 47} We will first review Moore's claims regarding instructions on affirmative defenses. An affirmative defense is a "defense involving an excuse or justification peculiarly within the knowledge of the accused, on which the accused can fairly be required to adduce supporting evidence." R.C. 2901.05(D)(1)(b). "To establish self-defense, the evidence must show (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." *State v. Santana*, 2022-Ohio-4118, ¶ 29 (2d Dist.). "If the evidence shows beyond a reasonable doubt that at least one of these three elements is missing, a defendant cannot establish self-defense." *Id.*

{¶ 48} The defense of necessity excuses or justifies conduct which is otherwise prohibited by law. The common-law elements of the defense are:

> the harm must be committed under the pressure of physical or natural force, rather than human force; (2) the harm

> sought to be avoided is greater than (or at least equal to) that sought to be prevented by the law defining the offense charged; (3) the actor reasonably believes at the moment that his act is necessary and is designed to avoid the greater harm; (4) the actor must be without fault in bringing about the situation; and (5) the harm threatened must be imminent, leaving no alternative by which to avoid the greater harm.

*Kettering v. Berry*, 57 Ohio App.3d 66, 68 (2d Dist. 1990); *see also State v. Prince*, 71 Ohio App.3d 694, 699 (4th Dist. 1991).

{¶ 49} Finally, we have discussed the defense of duress as follows: In order to establish the defense of duress, the defendant must demonstrate that he was compelled to commit the crime under threat, by another person, of imminent death or serious bodily injury. *State v. Lawson*, Montgomery App. No. 22155, 2008-Ohio-1311, ¶ 19, citing *State v. Elijah* (July 14, 2000), Montgomery App. No. 18034. "The force used to compel the actor's conduct must remain constant, controlling the will of the unwilling actor during the entire time he commits the act, and must be of such a nature that the actor cannot safely withdraw." *Id.,* citing *State v. Getsy*, 84 Ohio St.3d 180, 199, 1998-Ohio-533. Although the defendant must subjectively believe that he is being threatened with imminent death or serious bodily harm if he does not commit the crime, that belief must be objectively reasonable based on the evidence. *Elijah, supra; State v. Doakes*, Montgomery App. No. 18811, 2001-Ohio-6995. *State v. Longstreth*, 2011-Ohio-1825, ¶ 12 (2d Dist.).

{¶ 50} "One of the essential features of a necessity or duress defense is the sense of present, imminent, immediate and impending death, or serious bodily injury." *State v. Cross*, 58 Ohio St.2d 482, 487 (1979). "It must be understood that the defense of necessity or duress is strictly and extremely limited in application and will probably be effective in very rare occasions. It is a defense and not a conjured afterthought." *Id.* at 488.

{¶ 51} Moore did not object to the jury instructions provided by the court, and he accordingly waived all but plain error. *State v. Bahns,* 2009-Ohio-5525, ¶ 25 (2d Dist.). Plain error exists "if the trial outcome would clearly have been different, absent the alleged error in the trial court proceedings." *State v. Rollins*, 2006-Ohio-5399, ¶ 14 (2d Dist.). "Plain error may be invoked only in rare cases, and no error constitutes plain error unless, but for the error, the outcome of the trial clearly would have been otherwise." *State v. Rutherford*, 2002-Ohio-1214 (2d Dist.), citing *State v. Campbell*, 69 Ohio St.3d

38, 41 (1994). To prevail under the plain-error doctrine, Moore must establish that " 'an error occurred, that the error was obvious, and that there is "a reasonable probability that the error resulted in prejudice," meaning that the error affected the outcome of the trial.' " *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, quoting *State v. Rogers* 2015-Ohio-2459, ¶ 22; *see also State v. Wilks*, 2018-Ohio-1562, ¶ 52.

{¶ 52} We conclude that neither plain error nor ineffective assistance of counsel is demonstrated. On this record, defense counsel may have reasonably concluded that arguing these affirmative defenses was not a viable trial strategy. As noted above, the defenses required a bona fide belief that Moore was in imminent danger of death or great bodily harm (self-defense), that the harms threatened were imminent (necessity), or that a threat of "imminent death or serious bodily injury" existed (duress).

{¶ 53} As the State points out, self-defense in the context of interactions with law enforcement is most often associated with resisting arrest or assault offenses on a peace officer, not failure to comply. *See State v. Elk*, 2020-Ohio-4466, ¶ 47 (2d Dist.) ("[B]ased on the facts and circumstances of this case, there was sufficient evidence to support Elko's request that the trial court instruct the jury that the officers' use of excessive force serves as a complete defense to the charge of resisting arrest."); *State v. Fritz,* 2005-Ohio-4736, ¶ 25 (2d Dist.) ("there is a reasonable probability that the jury, if given an instruction on self-defense, might have concluded that Fritz had acted in self-defense when he injured Knight's hand while trying to remove it from his face. Accordingly, we cannot conclude that Fritz was not prejudiced by his trial counsel's conduct.").

{¶ 54} Defense counsel may have chosen, as a matter of trial strategy, not to argue that Moore had reasonably feared imminent death such that his flight from the police in snowy conditions – which put the officers and others on the road at substantial risk of serious physical harm -- was justified. Such a choice was supported by the fact that alleged domestic violence and aggravated menacing were the reason the officers attempted to initially stop Moore and believed he could be armed. The video made clear that Moore was given ample opportunity to stop and get out of his vehicle. That the officers continually ordered Moore to exit his vehicle for three minutes before he fled contradicted Moore's suggestion that they intended to kill him immediately, as did evidence that Officer Shaffer holstered his weapon. Moreover, the officers slowed their pursuit of Moore due to road conditions. There was no evidence that the State Highway Patrol was involved in locating or arresting

> Moore, and he did not file a report of the alleged shooting of his vehicle by a state trooper. The situation that allegedly compelled Moore's flight did not arise from natural events or physical conditions. Even if we were to conclude that counsel was ineffective in failing to request jury instructions on self-defense, necessity, or duress (which we do not), we cannot conclude that such instructions would have altered the outcome of the trial. Plain error is not demonstrated.
>
> {¶ 55} Finally, Moore seems to suggest that counsel was ineffective for failing to obtain and introduce evidence of an alleged threatening text message from Brianna to his phone to corroborate his testimony. By his own testimony, this message was sent a month before the incident in question, and Moore does not establish how that message could have altered the outcome of the trial. Moore testified repeatedly that Brianna had threatened him and told him that Bowers would kill him. In light of the video evidence of Moore's encounter with the police and the jury's decision to credit the officers' testimony over Moore's, we cannot conclude that, if the alleged threatening message had been obtained by defense counsel, the outcome of the proceedings would have been different. Ineffective assistance of counsel is not demonstrated, and Moore's second assignment of error is overruled.

*State v. Moore, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000), *Hendrix v. Palmer,* 893 F.3d 906, 917 (6th Cir. 2018).

To the extent Moore's ineffective assistance of trial counsel claim in this Court mirrors the claim presented to the Second District, that Court's decision is entitled to deference because it embodies a reasonable application of *Strickland.*

There are some sub-claims in Ground Two which were not presented to the Second District in the relevant assignment of error. Brianna Moore's text messages, testimony from witnesses corroborating Moore's testimony about self-defense, and Shawntay Shirk's cell phone are omitted items Moore refers to in his Reply. Because these were not part of the appellate record because Attorney Schertzinger did not present them, they could not be argued before the Second District on direct appeal and their omission by counsel is not covered by the Second District's decision. However, Ohio provides a remedy for presenting evidence outside the appellate record which a petitioner wishes to present on a constitutional claim and that is a petition for post-conviction relief under Ohio Revised Code § 2953.21. The State Court Record shows Moore never filed such a petition and his time to do so has now expired. Therefore any claim about ineffective assistance of trial counsel relating to materials not in the appellate record is barred by Moore's procedural default in failing to fairly present that claim to the Ohio courts.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 1, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #