**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

AARON MOORE

Petitioner, : Case No. 3:25-cv-384

- vs -

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN,
London Correctional Institution,

:

Respondent.

# DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 38) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report") (ECF No. 35). As required by 28 U.S.C. § 636 and Fed. R. Civ. P. 72, the Court has reviewed the Magistrate Judge's Report *de novo* with particular attention to the portions to which objection is made.

Petitioner pleaded four grounds for relief, all of which the Report recommended dismissing. Moore objects only on Ground Two where he claims the sole issue that this Court needs to decide is:

> whether Petitioner's self-defense claim had a likely chance of success had his trial counsel OBTAINED Brianna Moore's text messages, OBTAINED testimony from witnesses corroborating

> Moore's testimony about self-defense, and OBTAINED Shawntay Shirk's text messages and cell phone.
>
> Petitioner ***OBJECTS to page number 11 of the Magistrate's report and recommendation.*** The Magistrate would improperly have this Court deny Petitioner's GROUND TWO claim on the false belief that Brianna Moore's text messages, testimony from witnesses corroborating Moore's testimony about self-defense, and Shawntay Shirk's text messages and cell phone, are evidence outside the appellate record. This is simply not true, because on pages 5 through 8 of the Petitioner's Traverse, the transcript records accurately reflect that the trial court, the state prosecutor, and the petitioner elaborated at great lengths about the relevance of defense counsel obtaining said eye-witnesses, said text messages and said cell phones.

(ECF No. 38 at PageID 699-700.)

In his Objections, Moore admits that "said items and witnesses were not physically produced due to the failure of Petitioner's trial counsel to obtain them, the relevance of said items were nevertheless included in the records." (*Id.*) That supports the finding of the Second District Court of Appeals that these items were not part of the appellate record, a finding on which the Report relied at page 11 (*Id.* at PageID 695). Ohio courts of appeal are limited to deciding assignments of error that are based on items actually in the appellate record.

As the Report goes on to explain, however, because these physical items are not part of the appellate record on direct appeal, they could have been made part of the record before the Ohio courts on Moore's Petition for Post-Conviction Relief. In fact, Ohio Revised Code § 2953.21 is specifically designed to allow presentation of evidence outside (*dehors*) the record on direct appeal. But as the Second District found, these items were not presented on post-conviction either. In fact, as the Report found, Moore never filed a petition for post-conviction relief and the time for doing so has expired (ECF No. 35 at PageID 695).

Because the Objections do not point to any errors in the Report, it is **ADOPTED** and the

Objections are **OVERRULED**. The Clerk will enter judgment **DISMISSING** the Petition with prejudice and **TERMINATE** this case on the Court's docket. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, October 26, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE